UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIJAH KIRKLAND,

    Plaintiff,

v.                                            Case No. 4:23-cv-69-WS/MJF

KIMBERLY THOMPSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders, failed to prosecute this action, and failed to pay the filing fee, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On February 14, 2023, the undersigned ordered Plaintiff to pay the $402.00 filing fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned imposed a deadline of March 7, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On March 21, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of February 14, 2023. Doc. 4. The undersigned imposed a deadline of April 4, 2023, to comply and again

warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a court may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312–13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has not complied with two court orders, has not prosecuted this action, and has not paid the filing fee. Accordingly, dismissal of this civil action is appropriate.[1]

---

[1] The undersigned's show-cause order was returned to the clerk of the court as "undeliverable." Doc. 5. But that does not alter this report and recommendation. Plaintiff is responsible for keeping the District Court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action.

### III. CONCLUSION

Because Plaintiff failed to comply with two court orders, failed to prosecute this action, and failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 11th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**